IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WILLIE JAMES RICHARDSON,**

        Petitioner,

v.                                                                                 CRIMINAL ACTION NO. 2:97-CR-121

**UNITED STATES OF AMERICA,**

        Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Willie James Richardson's ("Petitioner") motion seeking relief under the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("FIRST STEP Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). ECF No. 31. For the reasons stated below, the Motion is **GRANTED**, and the Court now imposes a sentence of **TIME SERVED**.

## I.  FACTUAL AND PROCEDURAL HISTORY

On August 25, 1997, a grand jury returned an indictment charging Petitioner with the following offenses:

**Count 1.**  Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1);

**Count 2.**  Aiding and abetting the possession with intent to distribute of one kilogram of cocaine in June 1996;

**Count 3.**  Aiding and abetting the possession with intent to distribute of two kilograms of cocaine in the summer of 1996;

**Count 4.**  Possession with intent to distribute of 500 grams or more of cocaine in July 1996;

**Count 5.**  Aiding and abetting the possession with intent to distribute a quantity of cocaine in July and August of 1996;

1

**Count 7.**   Aiding and abetting the possession with intent to distribute six kilograms of cocaine on August 7, 1996;

**Count 8.**   Possession with intent to distribute two kilograms of cocaine in December 1996;

**Count 9.**   Aiding and abetting the possession with intent to distribute a quantity of cocaine on January 5, 1997; and

**Count 10.**   Aiding and abetting the possession with intent to distribute 20.1 kilograms of cocaine on January 22, 1997.

ECF No. 7.

On November 7, 1997, a jury of Petitioner's peers found Petitioner guilty of Counts 1, 2, 3, 5, 7, 9, and 10.  ECF No. 17. There is no indication that the jury was asked to find specific quantities of drugs for the underlying counts. *See* ECF No. 17; ECF No. 20. Petitioner was ultimately sentenced to Life imprisonment for Count 1, 40 years imprisonment for Count 2, 40 years imprisonment for Count 3, 20 years imprisonment for Count 5, Life imprisonment for Count 7, 20 years imprisonment for Count 9, and Life imprisonment for Count 10, as required under the then-mandatory sentencing guidelines, all to run concurrently. ECF No. 30. To date, Petitioner has served just over 23 years of his sentence.

On July 16, 2020, Petitioner filed a letter with the Court seeking relief under the FIRST STEP Act.  ECF No. 18.  On July 21, 2020, the Court appointed counsel for Petitioner and ordered briefing on the matter.  ECF No. 19.  On September 4, 2020, the Government responded in opposition to Petitioner's motion, despite acknowledging that Petitioner qualifies for a sentence reduction under the FIRST STEP Act.  ECF No. 26.  On January 14, 2021, Petitioner's counsel filed a response to the Government's opposition, substantiating Petitioner's initial motion.  ECF No. 31.

## II.   LEGAL STANDARD

When a court imposes a sentence of imprisonment, that is considered a final judgment on the matter. 18 U.S.C. § 3582(b). It is well established that "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (citing *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)). Under statutory law, a "court may not modify a term of imprisonment once it has been imposed" except in limited circumstances, including "to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

### A. Resentencing under the FIRST STEP Act

#### 1. *The FIRST STEP Act Grants Courts Wide Discretion to Impose Sentences*

Title 18 U.S.C. § 3582(c)(1)(B) is the proper mechanism to seek relief under the FIRST STEP Act. As relevant to the FIRST STEP Act, § 3582(c)(1)(B) states that the court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." Accordingly, Section 3582 gives Congress wide discretion to craft the relief a court may impose. Therefore, it is the language of § 404 of the FIRST STEP Act that controls the amount of relief sought.

Section 404(b) states that "a court that imposed a sentence for a covered offense may" grant relief to the petitioner. "The word 'may,' when used in a statute, usually implies some degree of discretion . . . [but] can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute." *United States v. Rodgers*, 461 U.S. 677, 706 (1983) (citing *United States ex rel. Siegel v. Thoman*, 156 U.S. 353, 359–60 (1895)). The FIRST STEP Act's use of "may" provides broad discretion to the federal courts; in fact, the Act explicitly notes, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." FIRST STEP Act, § 404(c), 132 Stat. 5194, 5222. Other district courts have reached the same conclusion. *See, e.g.*, *United States v. Rose*, No. 03-cr-1501, 2019 WL 2314479, at *4 (S.D.N.Y. May 24, 2019) (citing *United States v. Allen*, No. 96-cr-149, 2019 WL 1877072, at *2–*3 (D. Conn.

3

Apr. 26, 2019)); *United States v. Glore*, 371 F. Supp. 3d 524, 527 (E.D. Wis. 2019). Accordingly, the Court finds that the FIRST STEP Act grants broad discretion to the district courts in providing relief under this Act.

2. *The Court Must Consider Booker and its Related Cases in Providing Relief under the FIRST STEP Act*

Section 404(b) also requires that such relief may be imposed "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Federal courts presume that Congress acts in the context of relevant case law. *See Abuelhawa v. United States*, 556 U.S. 816, 821 (citing *Williams v. Taylor*, 529 U.S. 362, 380–81, n.12 (2000)). By the time the Fair Sentencing Act of 2010 ("FSA") was enacted, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 552 U.S. 85 (2007), and other foundational cases on sentencing had already been decided. Therefore, if it chooses to exercise its discretion to do so, then the Court must consider *Booker* and its related case law since "the law in effect at the time governs sentencing." *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997) (citing *Hughey v. United States*, 495 U.S. 411, 413 n.1 (1990)). Therefore, the Court finds that because Congress decided to apply the FSA retroactively through the FIRST STEP Act, the relevant sentencing precedents of *Booker* and its progeny must be considered in crafting relief. The retroactive nature of the FIRST STEP Act provide long-awaited relief to those sentenced under the unconstitutionally imposed mandatory guideline ranges.

This reading of the FIRST STEP Act comports with the purpose of the legislation, which is "further[ing] the Fair Sentencing Act's objective of mitigating the effects of a sentencing scheme that had a racially disparate impact." *United States v. Allen*, No. 3:96-cr-149, 2019 WL 1877072, at *3 (D. Conn. Apr. 26, 2019) (citing *Dorsey v. United States*, 567 U.S. 260, 268 (2012)). This much is evidenced by the text of § 404 itself, which allows courts to apply the FSA retroactively to cases. *See*

FIRST STEP Act, § 404(a), 132 Stat. 5194, 5222. To simply ignore this case law, in the context of the FSA and the purpose of the FIRST STEP Act, would fundamentally undermine the very issues Congress sought to address.

3. *The FIRST STEP Act is Not Limited by § 3582(c)(1)(B)*

The Government also argues that the FIRST STEP ACT must be read together with other existing statutes, including § 3582(c). ECF No. 26 at 6-7. The Government's core argument is that the FIRST STEP Act is limited to the guideline-based resentencing traditionally seen in § 3582 motions. In so doing, the Government relies on the limited nature of motions made under § 3582(c)(1)(B) pursuant to Federal Rule of Criminal Procedure 35 and those made under § 3582(c)(2).

As noted previously, § 3582(c)(1)(B) allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." This is markedly different than the parameters explicitly noted in Rule 35 or § 3582(c)(2). Relief under Rule 35 can only be granted "upon the government's motion." As for § 3582(c)(2), that subsection only applies when the guideline range "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," and in those cases it is only the range that is adjusted. *Dillion v. United States*, 560 U.S. 817, 827 (2010); *see* U.S.S.G. § 1B1.10(b)(1). As the Court explained above, the FIRST STEP Act does not involve the same limited set of circumstances and in fact emphasizes the broad discretion of the sentencing court. Section 3582(c)(1)(B) leaves the door wide open for Congress to grant whatever relief is necessary, which may or may not extend beyond the traditional scope of § 3582 motions. Congress has chosen to do so. The Court finds no issue of statutory conflict between the FIRST STEP Act and § 3582.

## III. DISCUSSION

### A. Petitioner's Eligibility for Reduction under the FIRST STEP Act

Section 404 of the FIRST STEP Act applies to individuals who (1) were convicted of a statute, for which the penalties were modified by Sections 2 or 3 of the FSA; (2) committed the offense before August 3, 2010; and (3) did not already receive a reduction under the FSA or the FIRST STEP Act are eligible for relief under the FIRST STEP Act. FIRST STEP Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Count 1 is an offense under 21 U.S.C. § 846, which was modified by Section 2 of the FSA since that statute inherently relies on § 841, which the FSA directly modified. ECF No. 7; Fair Sentencing Act, § 2(a), 124 Stat. 2372, 2372. The Government does not contest this point. *See* ECF No. 26 at 1. Petitioner has not previously received any reduction under the FSA or the FIRST STEP Act. Therefore, Petitioner qualifies under the FIRST STEP Act.

### B. Petitioner's remaining convictions

Despite Petitioner's apparent qualification under Count 1, the Government requests that the Court decline to exercise its discretion in reducing Petitioner's sentence because the remaining convictions were within the guidelines range. ECF No. 26 at 1. In addition to Count 1, Petitioner was sentenced to two Life imprisonment terms on Counts 7 and 10, two 40-year terms on Counts 2 and 3, and two 20-year terms on Counts 5 and 9. Each of the remaining counts refer and relate to crack cocaine offenses very similar to Count 1.

The Government concedes that Petitioner's conviction on Count 1 "was the most serious of the drug convictions and, because its penalties are governed by 21 U.S.C. § 841(b)(1)(A), drove the defendant's statutory sentencing range and Guidelines calculation." ECF No. 26 at 6. Based upon Count 1, the Court attributed 137.07 kilograms of cocaine and 4.03 kilograms of cocaine base to Petitioner. ECF No. 20. However, the jury was not asked to make any finding as to the drug quantity attributable

to Petitioner for any of his counts of conviction. More precisely, the jury did not have to specifically attribute any particular quantity of crack cocaine to the Petitioner to convict him of the conspiracy charged in Count 1 and additional crack cocaine counts charged in Counts 2, 3, 5, 7, 9 and 10. *See United States v. Jones*, 198 F.3d 238, 1999 WL 957706 at *1 (4th Cir. Oct. 19, 1999) ("[b]ecause quantity is not a substantive element of the offense, but is merely a sentencing factor, the Government need only prove quantity by a preponderance of the evidence").

Consequently, Petitioner was convicted for his role in the drug conspiracy, but the jury was never permitted to consider the amount of crack attributable to the Petitioner or its impact on his sentence. Instead, Petitioner was found guilty of the crack cocaine conspiracy and the associated aiding and abetting charges and sentenced under pre-FSA law, pursuant to mandatory guidelines, and based on findings made using a lower standard of proof. In contrast, under the current version of § 841, drug weight is a fact which increases mandatory minimum sentences, the thresholds for which were modified under the FSA and made retroactive under § 404 of the FIRST STEP Act. Additionally, the sentencing guidelines ranges are now advisory, based on drug quantities that must be proven to a jury in order to trigger mandatory minimum sentences. Further, at sentencing, the Court is no longer bound by harsh mandatory sentencing guidelines that have since been modified beyond the mandatory minimums that still exist under the current version of § 841.

Upon a recalculation of Petitioner's sentencing guidelines following the FIRST STEP Act, Petitioner could have faced a minimum sentence of 120 months (10 years) for Counts 1, 7, and 10, and an additional 60 months (5 years) for Counts 2 and 3. ECF No. 23. As for Counts 5 and 9, Petitioner's maximum term of imprisonment for these counts remains 20 years. *Id*. Petitioner's maximum sentence for all counts remains up to Life imprisonment on Counts 1, 7 and 10. *Id*. Accordingly, Petitioner could

have been sentenced to as few as 15 years imprisonment; however, at this juncture, Petitioner is well into the 24th year of a Life imprisonment term.

On its face, § 404 allows this Court to consider relief for a crack cocaine sentence issued under § 841 (which necessarily includes § 846), as the penalty structure for such offenses was modified by the FSA. Additionally, the Court presumes Congress was aware of *Alleyene*, *Apprendi*, and *Booker*—as well as the Supreme Court's refusal to apply those cases retroactively—when it passed the FIRST STEP Act with such a broad retroactivity provision in order to partially remedy pre-FSA crack cocaine sentencing disparities. Based on the foregoing, the Court finds Petitioner's case to be the exact sort of crack cocaine sentence the FIRST STEP Act was designed to address. Moreover, the Fourth Circuit has determined that Congress's clear intent when enacting the FIRST STEP Act was to apply the Fair Sentencing Act to pre-Fair Sentencing Act offenders, while "emphasizing district courts' discretion." *United States v. Wirsing*, 943 F.3d 175, No. 19-6381, 2019 WL 6139017, at *9 (4th Cir. Nov. 20, 2019). Therefore, the Court declines to limit its own discretion in a manner unsupported by the text of § 404(b) or the context of the passage of the FIRST STEP Act. Accordingly, Petitioner qualifies for a sentence reduction under the FIRST STEP Act for the drug convictions listed as Counts 1, 2, 3, 5, 7, 9, and 10.

**C. Section 3553(a) Factors and Disposition**

As in all matters involving sentencing, the Court must consider the factors set forth in 18 U.S.C. § 3553(a). Petitioner was involved a conspiracy to distribute crack cocaine. Furthermore, Petitioner received a 4-point enhancement towards his offense level calculation for his leadership role in the offense conduct. ECF No. 20 at 10.

Unfortunately, Petitioner grew up in inner city New York and became involved in criminal conduct from an early age. *Id*. at 21. Petitioner was never married and has four adult children who were

8

Case 2:97-cr-00121-RAJ Document 36 Filed 02/09/21 Page 9 of 10 PageID# 146

11 years old or younger at the time of his conviction. *Id*. at 21. While Petitioner's conduct was of course reprehensible, Petitioner has served over 23 years imprisonment for punishment for his crimes.

Since his incarceration, Petitioner has improved himself and sought to help others.[1] In particular, Petitioner participated in various drug treatment programs and educational programs over the 23-year period. ECF No. 31-5. The Court acknowledges, however, that Petitioner does not have a spotless prison record as he committed six violations of prison rules between November 9, 2001 and November 1, 2014. ECF No. 31-6. Notably, Petitioner's record is indeed spotless for the past seven years. *Id*.

Petitioner also suffers from multiple sclerosis, a degenerative autoimmune disorder that will confine Petitioner to a wheelchair for the rest of his life. ECF No. 31-7. While Petitioner may have once posed a threat to public safety considering his substantial involvement in drug-related activities, Petitioner's deteriorating health makes him less likely to pose such a danger to the community.

Taking the § 3553(a) factors into consideration, the Court finds it should exercise its discretion to grant relief to Petitioner under the FIRST STEP Act. Accordingly, the Court believes Petitioner's conduct may be adequately addressed with a sentence of time served. This penalty is sufficient but not greater than necessary for an individual with diminishing physical health.

### III.    CONCLUSION

Accordingly, Petitioner's Motion is **GRANTED**, and the Court now imposes a sentence of **TIME SERVED**. It is **ORDERED** that Petitioner be released from the Federal Bureau of Prisons no later than **FOURTEEN (14) DAYS** from the date of this Order. Further, the Federal Bureau of Prisons

---

[1] The Court believes that under the FIRST STEP Act, post-conviction conduct is relevant in considering whether to grant relief or not. *Cf. Pepper v. United States*, 562 U.S. 476, 490 (2011) (holding that a district court may consider "evidence of a defendant's rehabilitation since his prior sentencing" to support a downward variance from the guidelines after that initial sentence has been set aside on appeal); *United States v. Davis*, 679 F.3d 190, 195–96 (4th Cir. 2012) (holding that a "district court can consider other sentencing factors" when reducing a sentence after granting a Rule 35 motion).

9

may impose a **FOURTEEN-DAY (14-day)** period of quarantine upon Petitioner prior to release. Upon release, Petitioner shall begin Supervised Release in accordance with the provisions previously set forth in his criminal judgment.

The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
February 8, 2021

_____
UNITED STATES DISTRICT JUDGE